53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert BUSO, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 93-56645.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1995.*
Decided April 14, 1995.
 
 1
 Before: NOONAN, O'SCANNLAIN and LEAVY, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert Buso (Buso) appeals the judgment of the district court affirming the denial by the Secretary of Health and Human Services (the Secretary) of Buso's application for disability benefits. We affirm.
 
 
 4
 The bulk of Buso's working life was spent as a forklift operator for National Steel & Shipbuilding Company (NASSCO). On January 20, 1988, he injured his back, and it is unquestioned that he cannot return to his old job as a fork lift operator. However, following his injury NASSCO assigned him to its "light duty program" where for a year he attended the parking lot, pumped gas, and acted as a security guard at the same salary he had earned as a forklift operator. At the end of the year, when he was still unable to go back to his old job, he was terminated. The substantial issue on this appeal is whether his work under the light duty program constituted "substantial gainful activity" within the meaning of 20 C.F.R. Secs. 404.1565(a), 416.965(a), 404.1572, 416.972.
 
 
 5
 Sympathetic as Buso's claim is, we are unable to say that substantial evidence does not support the administrative law judge's finding that the work under the light duty program was substantial gainful activity. Although it was designed for recuperating NASSCO workers to give them a chance to get back to their old jobs, it was of benefit to the company and it did produce a good income to Buso for a year. The regulations indicate that work "done in a sheltered workshop or as a patient in a hospital" may show ability to work at the level of substantial gainful activity. 20 C.F.R. Secs. 404.1573(c), 416.974(c).
 
 
 6
 Buso, born in 1935, is of an age where, under other circumstances, "the grids" would decide his case, but since light duty work is past relevant work for Buso that he can perform, the grids do not apply. 20 C.F.R. Secs. 404.1560(b), 416.960(b).
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3